UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

NATIONAL WATER SERVICES, LLC,                                              Plaintiff,

v.                                                           Civil Action No. 3:12-cv-792-DJH

ACC CONSTRUCTION CO., INC.,                                              Defendant.

* * * * *

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff National Water Services, LLC's motion to confirm the arbitration award.  (Docket No. 53)  For the reasons set forth below, the motion will be granted.

### I.

National Water Services asserted claims against Defendant ACC Construction Co., Inc. for breach of contract and quantum meruit.  (D.N. 1, PageID # 2–3)  Count I of the complaint concerns the contract between National Water Services and ACC Construction.  (*Id.*, PageID # 2)  National Water Services was retained as a subcontractor to do waterproofing work for ACC Construction.  (*Id.*)  National Water Services originally submitted a price estimate of $77,526.25 to complete the required work, but under the contract with ACC Construction, National Water Services would be paid $65,000.  (*Id.*)  The original contract amount was modified to reflect that National Water Services would be paid an additional $18,000, making the total contract amount $83,000.  (*Id.*; D.N. 1-4, PageID # 28)  National Water Services completed the waterproofing work pursuant to the contract and then the contract was terminated.  (D.N. 1, PageID # 3)  But National Water Service was paid only $74,700, and claims ACC Construction has failed to and refused to pay the remaining balance of $20,826.25.  (*Id.*)

Count II of the complaint concerns a separate contract between DC Concrete Construction, LLC and ACC Construction for the construction of basements. (*Id.*) DC Concrete contracted with National Water Services to perform work related to the contract between DC Concrete and ACC Construction. (*Id.*) DC Concrete's work was deficient, requiring National Water Services to complete additional work at the request of ACC Construction. (*Id.*, PageID # 5) National Water Services requested ACC Construction enter a contract for the additional work, but no contract was entered. (*Id.*) National Water Service now seeks compensation for the additional work. (*Id.*, PageID # 6)

ACC Construction asserted a counterclaim against National Water Services for breach of contract. (D.N. 6, PageID # 105) ACC Construction claims that its original contract with National Water Services was modified to include the additional work related to the DC Concrete contract. (*Id.*)

The parties agreed to submit their dispute to arbitration. (D.N. 51) The arbitrator issued an award in favor of National Water Services, which was supported by a reasoned opinion explaining its factual and legal bases. (D.N. 53-2; D.N. 53-3) The award requires ACC Construction to pay National Water Services $148,244.64 for its uncompensated services plus $48,088.08 in interest from October 11, 2012 to October 31, 2016, the date the arbitration award was issued (D.N. 53-2, PageID # 241) The arbitrator ordered that the award shall be paid within thirty days. (*Id.*)

**II.**

When the parties agree to arbitration under the Federal Arbitration Act, the Court must confirm the award unless the Court finds reason to vacate, modify, or correct the award. 9 U.S.C. § 9. "The Federal Arbitration Act presumes that arbitration awards will be confirmed."

2

*Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000).  The Court finds no reason to vacate, modify, or correct the award.

National Water Services filed a motion to confirm the arbitration award.  (D.N. 53) National Water Services also seeks additional prejudgment interest from the date of the award until the date the Court enters judgment because payment of the amount awarded was not timely made.  (D.N. 53-1, PageID # 238)  ACC Construction does not object to confirming the award as issued by the arbitrator, but objects to National Water Services's request for additional pre-judgment interest beyond that awarded by the arbitrator.  (D.N. 54, PageID # 249)

**III.**

The Court will confirm the arbitration award and grant National Water Services's motion. "In general, the Court calculates interest for two separate time periods when confirming an arbitration award.  The first period is the 'post-award, pre-judgment' period.  This period begins on the date the award is finalized by the arbitrator and ends on the date the award is reduced to a judgment by the Court."  *Cargill Inc. v. Howell*, No. 5:11-cv-80-R, 2012 WL 647503, at *4 (W.D. Ky. Feb. 28, 2012).  Federal courts sitting in diversity jurisdiction apply state law to determine the prejudgment interest rate that applies.  *Gen. Elec. Co. v. Anson Stamping Co., Inc.*, 426 F. Supp. 2d 579, 597 (W.D. Ky. 2006).  "The legal rate of interest is eight percent (8%) per annum."  Ky. Rev. Stat. § 360.010(1).  Therefore, National Water Services is entitled to the total arbitration award of $196,332.72 plus prejudgment interest on that award totaling $8,778.12 ($43.03 per day from October 31, 2016 to the date of the Court's judgment).  After entry of judgment, post-judgment interest, which is calculated daily and compounded annually, will accrue on the amount of the arbitration award and the prejudgment interest earned on that award from the date of judgment until paid.  *Cargill*, 2012 WL 647503, at *5; *see also* 28 U.S.C. §

1961.   At the applicable post-judgment interest rate of 1.11%, the arbitration award and prejudgment interest will accrue post-judgment interest in the amount of $6.24 per day.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Plaintiff National Water Services's motion to confirm the arbitration award (D.N. 53) is **GRANTED**.  The arbitration award is **CONFIRMED**.  A separate judgment will be issued this date.

May 22, 2017

**David J. Hale, Judge**
**United States District Court**